IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUDREY BROWN,<br><br>        Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TD AUTO FINANCE,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL**<br><br>1.  **FCRA, 15 U.S.C. § 1681** *et seq.* |

Plaintiff AUDREY BROWN, ("Plaintiff") through counsel, alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* against Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc., (also referenced as "CRA Defendants"), and TD Auto Finance ("TD") (referenced as "Furnisher").

### I.    INTRODUCTION

1. Plaintiff's Complaint arises from violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* by the Defendants. Plaintiff contends that Defendants have negligently and recklessly disseminated false information regarding the Plaintiff's credit.

2. Plaintiff further alleges that the CRA Defendants failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer reports and failed to investigate credit reporting inaccuracies in response to Plaintiff's disputes.

1

3. "Consumer reports" under 15 U.S.C. § 1681a(d) include both credit file disclosures obtained directly by Plaintiff from the consumer reporting agencies and consumer reports obtained by third parties as a factor in establishing Plaintiff's eligibility for credit.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges violations of the FCRA, a federal law. *See* 15 U.S.C. § 1681p (FCRA) (permitting actions to enforce liability in an appropriate United States District Court).

5. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391 because Defendants regularly transact business within this District or are otherwise subject to personal jurisdiction in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## III. PARTIES

6. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

7. Plaintiff is a natural person who resides in Cook County, Illinois.

8. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

9. Defendant Equifax Information Services, LLC ("Equifax") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

10. Equifax's principal place of business is 1550 Peach Tree Street, N.W., Atlanta, GA 30309.

11. Defendant Experian Information Solutions, Inc. ("Experian") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

12. Experian's principal place of business is 475 Anton Boulevard, Costa Mesa, California 92626.

13. Defendant TD Auto Finance is an automobile financing company with its registered agent, Corporation Service Company, located at 211 East 7th Street, Suite 620, Austin, Texas 78701.

14. During all times pertinent to this Complaint, the Defendants were authorized to conduct business in the State of Illinois and conducted business in the State of Illinois on a routine and systematic basis.

15. During all times pertinent to this Complaint, Defendants acted through authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

16. Any violations by the Defendants were not in good faith, were knowing, negligent, willful, and/or intentional.

17. The Defendants maintained procedures reasonably adapted to avoid any such violations.

## IV. FACTUAL BACKGROUND

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

19. The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate consumer reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continual functioning of the banking system.

20. Congress enacted the FCRA to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.

21. The FCRA is intended to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other consumer information.

22. Experian, Trans Union, and Equifax, the three major consumer reporting agencies (at times referred to collectively as "CRAs" and individually as a "CRA") in the United States, regularly publish and distribute credit information about Plaintiff and other consumers through the sale of consumer reports.

23. The CRA Defendants regularly obtain consumer bankruptcy information to include in consumer reports.

24. The CRA Defendants regularly seek out and procure public record information, including consumer bankruptcy filing and discharge information, with the intention of including this bankruptcy information on the consumer reports they sell to third parties such as lenders.

25. The diligence the CRA Defendants exercise in uncovering and recording consumer bankruptcy filings is not replicated in their subsequent reporting of bankruptcy discharges and their effect on consumers' debts.

26. The CRA Defendants' unreasonable policies, procedures and/or algorithms consistently fail to identify and update pre-bankruptcy debts as required by § 1681(e)(b).

27. The CRA Defendants know the information they report about consumers' bankruptcies is often inconsistent with public records, furnished/reported information, and/or information contained in their own files.

28. The majority of institutions that offer financial services (e.g., banks, creditors, lenders) rely upon consumer reports from CRAs to make lending decisions.

29. Despite the availability of accurate consumer information, the CRA Defendants regularly report inaccurate information about accounts after consumers receive a Discharge Order.

30. The CRA Defendants regularly publish consumer information that conflicts with information: provided by data furnishers to the CRA Defendants, already included in their credit files, contained in public records that they regularly access, or sourced through their independent and voluntary efforts.

31. The CRA Defendants routinely report inaccurate and materially misleading information about consumers like Plaintiff, without verifying or updating it as required by § 1681(e)(b).

32. Defendants know the information they report about consumers' bankruptcies is often inconsistent with public records, information provided by furnishers, and data contained in Defendants' own files.

33. Thus, the CRA Defendants are on continued notice of their inadequate post-bankruptcy reporting procedures. More specifically, Defendants are on continued notice that their inadequate procedures regularly result in the reporting of inaccurate balances, account statuses, payment histories, and payment statuses.

*Allegations Specific to Credit Reporting of Plaintiff*

34. Plaintiff filed a Chapter 7 Bankruptcy on or about September 2, 2023, in the United States Bankruptcy Court.

35. Plaintiff's bankruptcy case was completed on December 5, 2023.

36. The CRA Defendants prepared one or more consumer reports concerning Plaintiff after Plaintiff was discharged from Chapter 7 Bankruptcy.

37. The CRA Defendants obtained notice of Plaintiff's bankruptcy discharge through their routine, independent collection of consumer information from third party vendors such as Lexis-Nexis, as well as from furnishers that provide data regarding the individual tradelines reported by the CRAs in Plaintiff's consumer reports.

38. In March of 2024, Plaintiff noticed Defendants Equifax and Experian were inaccurately reporting Plaintiff's TD AUTO FINANCE ("TD") account, which was reaffirmed and excluded from Plaintiff's Chapter 7 Bankruptcy, as "Included in Bankruptcy".

39. Plaintiff accordingly disputed this inaccurate information in writing on or about March 25, 2024.

40. In her written disputes, Plaintiff specifically advised Equifax and Experian that:

> "This [TD Auto Finance] account was not discharged in my bankruptcy because the creditor and I signed an agreement that this account wouldn't be included in

6

the bankruptcy. I've continued to make all my payments on time. Please update my credit report immediately."

41. Plaintiff further included her date of birth, her full name, her Social Security Number, and her address in her dispute letters.

42. Defendant Equifax failed to conduct an adequate investigation of Plaintiff's dispute; and continue reporting this inaccurate information to this day.

43. Upon information and belief, Equifax had all the information it needed to locate, investigate and correct this inaccurate information, but just failed to do so.

44. Upon information and belief, Equifax notified the Furnisher of Plaintiff's dispute.

45. Similarly, Defendant Experian failed to conduct an adequate investigation of Plaintiff's dispute; and continue reporting this inaccurate information to this day.

46. Upon information and belief, Experian had all the information it needed to locate, investigate and correct this inaccurate information, but just failed to do so.

47. Upon information and belief, Experian notified the Furnisher of Plaintiff's dispute.

48. Defendant Trans Union also failed to conduct an adequate investigation of Plaintiff's dispute; and continues reporting this inaccurate information to this day.

49. At all times pertinent hereto, Equifax's conduct was willful and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

50. At all times pertinent hereto, Experian's conduct was willful and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

*Plaintiff's Damages*

51. Upon information and belief, had the CRA Defendants accurately reported the current, on time TD account as a current, open account instead of an account that was discharged in bankruptcy, Plaintiff's credit scores and ability to obtain credit would have been better, thereby improving Plaintiff's credit worthiness.

52. As a direct result of Defendants' inaccurate reporting, Plaintiff suffers damages, including a decreased credit score, lower overall creditworthiness, and other financial harm.

53. Additionally, Plaintiff suffers interference with daily activities, as well as emotional distress, including, without limitation, emotional and mental anguish, loss of sleep, humiliation, stress, anger, frustration, shock, embarrassment, reputational harm, violation of privacy, and anxiety.

54. Defendants' conduct exacerbated Plaintiff's frustration during the already stressful post-bankruptcy period by hindering Plaintiff's ability to rebuild Plaintiff's credit.

## V. COUNT I
## AGAINST EQUIFAX
**Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681e(b)**

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

56. The FCRA requires CRAs to maintain and follow reasonable procedures to assure maximum possible accuracy of consumer information. 15 U.S.C. § 1681e(b).

57. In this case, Defendant Equifax negligently and willfully violated 15 U.S.C. § 1681e(b) by failing to use reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information after Plaintiff received a Discharge Order.

58. Defendant independently sought information about Plaintiff's bankruptcy filing and discharge and voluntarily reported it in Plaintiff's consumer reports.

59. When Equifax procured and published Plaintiff's bankruptcy information, it had an obligation to ensure it followed reasonable procedures to report the bankruptcy discharge and its effect(s) with maximal accuracy.

60. These obligations are well established by the plain language of the FCRA, promulgated by the Federal Trade Commission, detailed in case law, and evidenced in prior cases involving Equifax from which they are on notice of their unreasonable procedures concerning the reporting of discharged debts.

61. Defendant Equifax knew or should have known that the effect of a discharge Order in a Chapter 7 Bankruptcy is only to discharge those scheduled debts listed in the Discharge Order – which did not include TD AUTO FINANCE.

62. Defendant Equifax knows or should have known of its obligations under the FCRA, especially pertaining to reporting a current account excluded from bankruptcy accurately.

63. Additionally, the Defendant possesses or could easily obtain substantial written materials that detail their duties and obligations under the FCRA, including those that apply when a consumer files for Chapter 7 Bankruptcy.

64. Defendant Equifax knows that accounts excluded from bankruptcy should not be reported as "included in bankruptcy".

65. Yet Defendant inaccurately reported the TD account, which was a current, timely paid account not included in Plaintiff's Chapter 7 Bankruptcy, with a status of "bankruptcy".

66. Despite knowledge of these legal obligations, Equifax willfully and consciously breached its duties under the FCRA. Accordingly, Equifax deprived Plaintiff of Plaintiff's rights under the FCRA.

67. Equifax had actual knowledge of Plaintiff's bankruptcy and Discharge Order, as evidenced by the information it published in Plaintiff's consumer reports, including the bankruptcy case number, court, date of filing and date of discharge.

68. Yet in this case, Equifax reported the TD account, which is current, and excluded from Plaintiff's bankruptcy, as being discharged in bankruptcy.

69. Defendant Equifax thus violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information included in Plaintiff's credit file and consumer reports, and by also failing to report accurate information when they knew or should have known the information they were reporting is inaccurate, or otherwise contradicted by information known by Equifax, reported to Equifax, or reasonably available to Equifax.

70. As a result of Equifax's inaccurate reporting, Plaintiff's creditworthiness has been damaged.

71. Plaintiff suffers actual damages, including a decreased credit score, loss of credit opportunities, and other financial harm caused by Equifax's inaccurately reporting a current account as an account discharged in bankruptcy.

72. Plaintiff also suffers interference with daily activities caused by other harm including, but not limited to, emotional distress, mental anguish, humiliation, stress, anger, frustration, shock, embarrassment, and anxiety.

73. Defendant Equifax is a direct and proximate cause of Plaintiff's damages.

74. Therefore, Equifax is liable for actual and statutory damages, punitive damages, attorneys' fees, costs, as well as other such relief permitted by 15 U.S.C. § 1681 *et seq*.

### VI. COUNT II
### AGAINST EQUIFAX
### Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681i

75. All preceding paragraphs are realleged.

76. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

77. The FCRA provides that "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C. § 1681i(a)(1)(a).

78. However, Defendant Equifax has failed to conduct a reasonable investigation to determine whether the disputed information is accurately and correctly reported on Plaintiff's credit report, despite the expiration of its time to do so.

79. Equifax's conduct was willful, considering the fact that Equifax could have easily verified what the Plaintiff was telling it – that her account with TD had been timely paid and excluded from her bankruptcy – but it nevertheless recklessly disregarded that information and failed to conduct an adequate investigation into the Plaintiff's dispute.

80. As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

### VII. COUNT III
### AGAINST EXPERIAN
**Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681e(b)**

81. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

82. The FCRA requires CRAs to maintain and follow reasonable procedures to assure maximum possible accuracy of consumer information. 15 U.S.C. § 1681e(b).

83. In this case, Defendant Experian negligently and willfully violated 15 U.S.C. § 1681e(b) by failing to use reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information after Plaintiff received a Discharge Order.

84. Defendant independently sought information about Plaintiff's bankruptcy filing and discharge and voluntarily reported it in Plaintiff's consumer reports.

85. When Experian procured and published Plaintiff's bankruptcy information, it had an obligation to ensure it followed reasonable procedures to report the bankruptcy discharge and its effect(s) with maximal accuracy.

86. These obligations are well established by the plain language of the FCRA, promulgated by the Federal Trade Commission, detailed in case law, and evidenced in prior cases involving Experian from which they are on notice of their unreasonable procedures concerning the reporting of discharged debts.

87. Defendant knew or should have known that the effect of a discharge Order in a Chapter 7 Bankruptcy is only to discharge those scheduled debts listed in the Discharge Order – which did not include TD AUTO FINANCE.

88. Defendant Experian knows or should have known of its obligations under the FCRA, especially pertaining to reporting a current account excluded from bankruptcy accurately.

89. Additionally, the Defendant possesses or could easily obtain substantial written materials that detail their duties and obligations under the FCRA, including those that apply when a consumer files for Chapter 7 Bankruptcy.

90. Defendant Experian knows that accounts excluded from bankruptcy should not be reported as "included in bankruptcy".

91. Yet Defendant Experian inaccurately reported the TD account, which is a current, timely paid account not included in Plaintiff's Chapter 7 Bankruptcy, with a status of "bankruptcy".

92. Despite knowledge of these legal obligations, Experian willfully and consciously breached its duties under the FCRA. Accordingly, Experian deprived Plaintiff of Plaintiff's rights under the FCRA.

93. Experian had actual knowledge of Plaintiff's bankruptcy and Discharge Order, as evidenced by the information it published in Plaintiff's consumer reports, including the bankruptcy case number, court, date of filing and date of discharge.

94. Yet in this case, Experian reported the TD account, which is current, and excluded from Plaintiff's bankruptcy, as being discharged in bankruptcy.

95. Defendant Experian thus violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information included in Plaintiff's credit file and consumer reports, and by also failing to report accurate information when they knew or should have known the information they were reporting is inaccurate, or otherwise contradicted by information known by Experian, reported to Experian, or reasonably available to Experian.

96. As a result of Experian's inaccurate reporting, Plaintiff's creditworthiness has been damaged.

97. Plaintiff suffers actual damages, including a decreased credit score, loss of credit opportunities, and other financial harm caused by Experian's inaccurately reporting a current account as an account discharged in bankruptcy.

98. Plaintiff also suffers interference with daily activities caused by other harm including, but not limited to, emotional distress, mental anguish, humiliation, stress, anger, frustration, shock, embarrassment, and anxiety.

99. Defendant Experian is a direct and proximate cause of Plaintiff's damages.

100. Therefore, Experian is liable for actual and statutory damages, punitive damages, attorneys' fees, costs, as well as other such relief permitted by 15 U.S.C. § 1681 *et seq*.

## VIII. COUNT IV
### AGAINST EXPERIAN
**Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681i**

101. All preceding paragraphs are realleged.

102. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

103. The FCRA provides that "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C. § 1681i(a)(1)(a).

104. However, Defendant Experian has failed to conduct a reasonable investigation to determine whether the disputed information is accurately and correctly reported on Plaintiff's credit report, despite the expiration of its time to do so.

105. Experian's conduct was willful, considering the fact that Experian could have easily verified what the Plaintiff was telling it – that her account with TD had been timely paid and excluded from her bankruptcy – but it nevertheless recklessly disregarded that information and failed to conduct an adequate investigation into the Plaintiff's dispute.

106. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## IX. COUNT V
### FAILURE TO INVESTIGATE DISPUTE
### 15 USC § 1681s-2(b)
### AGAINST TD AUTO FINANCE

107. All preceding paragraphs are re-alleged.

108. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

109. On or about March 25, 2024, Plaintiff submitted written disputes to the credit bureaus disputing the accuracy of the accounts being reported by TD.

110. Upon information and belief, TD received this dispute.

111. TD was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

112. TD failed to reasonably investigate Plaintiff's dispute, despite Plaintiff's account being current on payments and excluded from her bankruptcy.

113. Indeed, TD's on-going failures to correct Plaintiff's account information is evidence that its investigation into Plaintiff's dispute was deficient.

114. TD's conduct was both negligent and willful and violated section 1681s-2(b) of the FCRA.

115. As a result of the Defendant's conduct, the Plaintiff has been harmed.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgments against Defendants for the following:

(a) An award of actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1) or 1681o(a)(1);

(b) An award of statutory damages pursuant to 15 U.S.C. §§ 1681n(a)(1) and 1681o(a)(1);

(c) An award of punitive damages, as allowed by the Court pursuant to 15 U.S.C. § 1681n(a)(2),

(d) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and

(e) Such other and further relief as this Honorable Court may deem just and proper, including any applicable pre-judgment and post-judgment interest, and/or declaratory relief.

## XI. JURY DEMAND

Plaintiff hereby demands jury trial on all issues so triable.

Dated: October 14, 2024

By: /s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300

Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*